UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRA WAHLFELD,<br><br>                    Petitioner,<br><br>   v.<br><br>WILLIAM WAHLFELD,<br><br>                    Respondent. | CASE NO. 2:24-cv-01899-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL |

This matter comes before the Court on Petitioner Alexandra Wahlfeld's motion to seal all of her documents in this matter. Dkt. No. 1. For the reasons set forth below, the Court grants the motion in part and denies it in part.

**A.     Legal Standard**

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Accordingly, when a district court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (cleaned up). This presumption, however, "is not absolute and can

be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

The standard for determining whether to seal a record depends on the filing with which the sealed record is associated and whether such filing is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016). If the filing at issue is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the filing is only tangentially related to the merits, the party seeking to seal the records need only show "good cause." *See id.*

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

**B.**    **Ms. Wahlfeld Has Not Justified Sealing the Entire Case**

Ms. Wahlfeld seeks to "file all of [her] documents sealed, due to [her] child's privacy." Dkt. No. 1 at 1. Consequently, the entire case is currently under seal. Her filings include her petition for the return of her minor child to Germany under the Hague Convention, Dkt. No. 2, which is more than tangentially related to the merits of the case.

Protecting the privacy of a minor is a compelling reason justifying keeping the minor's full name out of the public record. *See, e.g.*, *Rec Room Inc. v. M.Z.*, No. C23-1586-KKE, 2024 WL 1765709, at *1 (W.D. Wash. Apr. 24, 2024) (noting that "this District recognizes the strong privacy

1 | interests of minor children and birthdates"). However, sealing the entire record, particularly before Mr. Wahlfeld has appeared, would be inconsistent with his right to be heard in this matter. *See, e.g.*, *Murray v. King Cnty. Ct.*, No. 24-cv-00239-JNW, 2024 WL 4144153, at *5 (W.D. Wash. Sept. 11, 2024) (citing *Granny Goose Foods, Inc.*, 415 U.S. at 439 (1974)).

Moreover, it is not necessary to seal the entire case or all of Ms. Wahlfeld's filings to protect the minor's privacy. Local Civil Rule 5.2(a) requires filers to redact the names of minor children to their initials, and the petition refers to the child by his initials. *See, e.g.*, Dkt. No. 2 at 17. Ms. Wahlfeld has not explained why that is insufficient here. Therefore, her request to seal all of her filings is denied, and the Clerk is directed to unseal this case and docket entries 1, 3, 4, and 5.

However, docket entry 2 can remain under seal because it contains personal identifiers. Within 14 days of the date of this Order, Ms. Wahlfeld must publicly file a copy of that document in the record with sensitive personal information redacted consistent with Local Civil Rule 5.2 and Federal Rule of Civil Procedure 5.2.

Dated this 22nd day of November, 2024.

*Lauren King*

Lauren King
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL - 3